45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donna DAVEY, and Brad Davey, Plaintiffs-Appellants,
v.
Brian LOCKERBY, and the six unknown named agents of the Drug
Enforcement Administration, the Department of
Justice, and the United States of
America, Defendants-Appellees.
 No. 93-36015.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1994.*
Decided Jan. 3, 1995.
 
 Before: WOOD,** HUG, and TANG, Circuit Judges.
 MEMORANDUM***
 The principal issue in this appeal is whether purportedly false and misleading statements in an affidavit were unessential for a finding of probable cause for issuance of a warrant to search the home of Brad and Donna Davey. The district court found that, despite the existence of any false and misleading statements, probable cause existed to justify issuance of a warrant to search the Daveys' home. Accordingly, the district court granted summary judgment in favor of defendants Bryan Lockerby, six unknown agents of the Drug Enforcement Administration ("DEA"), the United States Department of Justice and the United States of America. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 1
 On appeal, the Daveys argue that Detective Lockerby's affidavit in support of a search warrant contained false and misleading statements. Moreover, they argue that, after redacting the purportedly false and misleading statements, the affidavit fails to recite a sufficient basis for searching their residence. Because of the ambiguous nature of the Lockerby affidavit and the strong civil rights interest involved here, we believe this case and its circumstances deserve close scrutiny.
 
 
 2
 It is not disputed that Lockerby's affidavit contained certain falsehoods and misrepresentations. For example, the affidavit stated that the "occupancy of 2915 Central Avenue West was unknown" when, in fact, Detective Lockerby could have easily ascertained the occupancy of 2915 Central Avenue West. In addition, the affidavit did not mention that a search conducted in May, 1989 failed to uncover any useful evidence. Once all of the false and misleading statements were redacted from the Lockerby affidavit, the information on 2915 Central Avenue West was that Ronald and Curtis Paulson purchased the property in 1981, that a confidential informant had traded cocaine for stolen goods there from 1983 to 1988, and that members of the Great Falls police department had searched the premises on May 4, 1989.
 
 
 3
 Even if the false and misleading statements are removed from the Lockerby affidavit, the totality of the circumstances leads us to conclude that the district court did not err in finding the existence of probable cause to search the Daveys' residence. See Illinois v. Gates, 462 U.S. 213, 230 (1983). First, the Paulson family maintained ownership of 2915 Central Avenue West, both before and after the Daveys moved onto the premises.[1] Second, the Paulsons had used drug profits to remodel or improve their properties. Third, the Paulsons lived a relatively nomadic lifestyle, and a number of their residential properties were used interchangeably by family members and other members of the Paulson organization.[2] Thus, there was good reason to believe that any of the Paulsons' properties might yield evidence of their drug activities.
 
 
 4
 Finally, the fact that Ronald Paulson's residence was located behind the Daveys' trailer home gave further reason for the police to believe that something would be found in the Davey residence. Thus, after redacting the purported falsities and misrepresentations, the totality of the circumstances provided the magistrate with a "substantial basis" for ascertaining the existence of probable cause to search the property located at 2915 Central Avenue West. See id. at 239.[3]
 
 
 5
 Looking at the totality of the circumstances, we are persuaded that there was sufficient probable cause to justify the issuance of a search warrant.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Curtis Paulson had been residing at 2915 Central Avenue West before his arrest in September, 1989. Furthermore, in his affidavit, Brad Davey stated that he paid rent for the trailer home to Marge Paulson
 
 
 [2]
 However, we do not speculate as to whether the Daveys were knowingly involved with the Paulsons' illegal activities
 
 
 [3]
 The Daveys also argue that Detective Lockerby is not entitled to qualified immunity. They contend that Detective Lockerby's statement that the current occupancy of 2915 Central Avenue West was unknown constituted an intentional falsehood in light of the fact that the occupancy of 2915 Central Avenue West could have been ascertained with relative ease. We decline to address this issue because we find that Detective Lockerby's affidavit demonstrated sufficient probable cause to conduct a search of the Daveys' residence